# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-31284
Summary Calendar

PAUL DEBAILLON, TRUSTEE OF THE
BANKRUPT ESTATE OF JACK WADE
DRILLING, INC.,

Plaintiff-Appellant,

versus

TOTAL MINATOME CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-1454)

December 10, 1998

Before POLITZ, Chief Judge, KING and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:[*]

Trustee for the bankrupt Jack Wade Drilling, Inc. appeals, contending that the district court erred in granting judgment as a matter of law for Total Minatome Corporation regarding two claims based upon oral agreements. Jack Wade also contends that the district court erred in not granting a motion for a new trial. For the reasons assigned, we affirm the judgment appealed.

## BACKGROUND

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After seeking bids from various drilling contractors, Total Minatome entered negotiations with Jack Wade. Each party participated in the drafting process, making suggestions that were incorporated into a written contract. The written contract set forth detailed conditions that would signal the completion of the drilling. The relevant provisions of the contract called for Jack Wade to drill a hole that revealed particular paleontological ("paleo") characteristics. After commencing the drilling process, Jack Wade filed for bankruptcy and its trustee sued Total Minatome on Jack Wade's behalf.

Jack Wade alleges that during the initial contract negotiations, Total Minatome orally agreed to assume an affirmative duty to provide paleo information. Total Minatome retained a geologist and received paleo information from him. Though Total Minatome provided Jack Wade with paleo information upon request, Total Minatome did not forward all of the geologist's reports as some had not been requested. Thus, Jack Wade contends that Total Minatome breached the claimed oral agreement.

Jack Wade alleges the existence of a second oral agreement also concerning the required provision of paleo information entered into – after the formation of the written contract – by Kenneth Upton on its behalf and representatives of Total Minatome. Jack Wade alleges that Total Minatome also breached this oral agreement.

Total Minatome successfully moved for judgment as a matter of law on each of these oral contract claims at close of Jack Wade's case. In due course the jury

2

returned a verdict for Total Minatome on the claimed breach of the written contract. Jack Wade unsuccessfully sought a new trial and then timely appealed.

## ANALYSIS

Jack Wade contends that the district court erred in granting Total Minatome's motions for judgment as a matter of law relating to the alleged oral contracts. We review a judgment as a matter of law *de novo*, applying the same standard employed by the district court. We consider the evidence, along with all reasonable inferences which may be drawn therefrom, in the light most favorable to the nonmoving party. Judgment as a matter of law is appropriate when the facts and inferences point so strongly against the nonmoving party that there could be only one reasonable conclusion as to the verdict.[1]

Jack Wade first asserts that during the contract negotiations, representatives of Total Minatome agreed to undertake an affirmative duty to provide it with paleo information about the drill samples. There is no reference to same in the written contract. Nonetheless Jack Wade alleges that the agreement is enforceable as a collateral agreement.

In the written contract, the parties agreed that Texas law would govern any disputes relating to the agreement. Texas law presumes a written contract to be an integration of the agreement between the parties,[2] but Texas courts will enforce collateral agreements under certain circumstances. With respect to the enforcement

---

[1] **Deus v. Allstate Ins. Co.**, 15 F.3d 506 (5th Cir. 1994).

[2] **Hubacek v. Ennis State Bank**, 317 S.W.2d 30 (Tex. 1958).

of collateral agreements, the Texas Supreme Court adopted the following rule:

> An oral agreement is not superceded or invalidated by a subsequent or contemporaneous integration . . . if the agreement is not inconsistent with the integrated contract, and . . . is made for separate consideration, or . . . is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.[3]

The alleged oral agreement is not inconsistent with the written contract; we therefore consider the second criterion. Jack Wade contends that the oral agreement was made for separate consideration. We are not persuaded. Texas law requires that the parties bargain for consideration.[4] Jack Wade contends that it implicitly accepted a lower fee for its services because Total Minatome orally agreed to supply it with paleo information. If Jack Wade's detrimental reliance was implicit, however, it could not have been the basis of a bargained-for exchange of promises. We perforce conclude that reasonable persons could not find that a separate consideration supported the alleged oral agreement.

Alternatively, Jack Wade contends that similarly situated parties would naturally make an agreement about furnishing paleo information collateral to the written agreement. We conclude otherwise. The written contract contains a provision requiring Jack Wade to furnish particular reports to Total Minatome. If Total Minatome were bound to provide paleo reports to Jack Wade, similarly situated persons, acting reasonably, would have included a parallel provision in the

---

[3] **Id.** at 32 (quoting RESTATEMENT OF CONTRACTS § 240); **Jack H. Brown & Co., Inc. v. Toys "R" Us, Inc.**, 906 F.2d 169 (5th Cir. 1990) (citing **Hubacek**).

[4] **Federal Sign v. Texas S. Univ.**, 951 S.W.2d 401 (Tex. 1997).

4

written contract binding Total Minatome. The written contract contains no such provision. The written contract does contain a highly detailed provision allocating the furnishing of labor and services. This detailed list contains no reference to the furnishing of a paleontologist or geologist. Similarly situated persons would have included the obligation to furnish the services of a paleontologist or geologist if such had been agreed upon. The district court did not err in granting Total Minatome's motion for judgment as a matter of law on the first alleged oral agreement.

We reach the same conclusion as respects the second alleged oral agreement. Jack Wade asserts that this agreement was confected with Upton, owner and operator of Southern Mud & Equipment, Inc., acting as its representative in discussions with Total Minatome. The district court found that Upton was not an agent for Jack Wade. We review such factual findings for clear error.[5]

Under Texas law, agency may be established by actual or apparent authority; additionally, the equitable doctrine of ratification may give rise to liability.[6] Jack Wade offered no evidence that it bestowed upon Upton the actual authority to enter contracts on its behalf. Similarly, Jack Wade offered no evidence that it communicated to Total Minatome that Upton was empowered to enter contracts on its behalf;[7] thus, Upton did not possess apparent authority to do so. Although Texas

---

[5] **Davis Oil Co. v. TS, Inc.**, 145 F.3d 305 (5th Cir. 1998).

[6] **Sociedad de Solaridad Social "El Estillero" v. J.S. McManus Produce Co.**, 964 S.W.2d 332 (Tex. App.–Corpus Christi 1998).

[7] **Southwest Title Ins. Co. v. Northland Bldg. Corp.**, 552 S.W.2d 425 (Tex. 1977).

5

law allows a principal to ratify the actions of a third party,[8] the record is devoid of evidence that Jack Wade ratified any alleged agreement by Upton. The district court did not err in its factual finding or in granting judgment as a matter of law on the claimed second oral contract.

Finally, we perceive neither error nor abuse of discretion in the trial court's refusal to grant Jack Wade a new trial.

The judgment appealed is AFFIRMED.

---

[8] **Hays v. Marble**, 213 S.W.2d 329 (Tex. Civ. App.–Amarillo, 1948 writ dism'd). *But see* **Facciolla v. Linbeck Constr. Corp.**, 968 S.W.2d 435, 441 n.3 (Tex. App.–Texarkana 1998) (limiting applicability of equitable theory of ratification to three situations, none relevant here).